RAYMAN BAKER,

            Plaintiff,

v.                                                    Case No. 24-cv-1478-pp

SGT. ETSINGER, *et al.*,

            Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND PROVIDING PLAINTIFF OPPORTUNITY TO FILE AMENDED COMPLAINT**

      Plaintiff Rayman Baker, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal and state law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On November 19, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $102.93. Dkt. No. 5. The court received that fee on January 21, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants the Wisconsin Department of Corrections (DOC); Sergeant Etsinger; Correctional Officer Stancheck; Unit Manager Mohnen; and John or Jane Doe defendants who worked as a Shift Supervisor, Health Services Unit (HSU) Supervisor and Q Building Supervisor at Oshkosh. Dkt. No. 1 at 1.

The plaintiff alleges that on August 13, 2024, he awoke "to a feeling of complete helplessness." Id. at 3. He says he asked "all defendants" for aid, but they "responded with contempt, and did not render any aide [*sic*] whatsoever." Id. He alleges that he "has multiple health related problems including but not

3
Case 2:24-cv-01478-PP    Filed 05/13/25    Page 3 of 10    Document 11

limited to carple [sic] tunnel, asthma, arthritis and a torn ACL." Id. He says the DOC is required to provide "reasonable accom[m]odations" to him because he is a "disabled person," but that he did not receive any accommodation. Id.

The plaintiff asserts that the defendants "failed to render aide [sic] due to negligent training and supervision." Id. at 2. He alleges that Unit Manager Mohnen "failed to manage unit operations appropriately due to negligent training and supervision." Id. He asserts that "[a]ll defendants acted carelessly and recklessly to the safety and ultimate security of the institution in violation of [the plaintiff's] constitutional and universal human rights and Wisconsin statutes." Id. at 3. He seeks damages for the alleged violations of federal and state law. Id. at 4.

  C. Analysis

The complaint does not state a claim against any defendant. To state a claim under §1983, a complaint must do more than assert a cause of action. It also must allege *facts* describing what *each defendant* did—or did not do—that violated the plaintiff's constitutional rights. It is not enough for the plaintiff to say that the defendants violated his rights; he must describe "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Nor is it enough for him to allege that "all defendants" violated his rights. See Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (explaining that a plaintiff cannot rely on "vague references" to defendants "without specific allegations tying the individual defendants to the alleged unconstitutional

4

conduct"). The plaintiff must explain how each defendant is personally responsible for the alleged violation of his constitutional rights. See Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021).

The complaint does not meet this standard. It says that the plaintiff awoke one day feeling helpless, and that all defendants "failed to render aide" to him because of negligent training and supervision. The plaintiff does not explain why he felt helpless. He does not explain whether he was experiencing a medical or mental health issue, a threat from another incarcerated person or some other problem that caused him to feel helpless. He says that he has several health conditions, but he does not say whether any or all of those conditions were causing him to feel helpless. Nor does the plaintiff explain what he means when he says the defendants "failed to render aide." What aid did he need? Were the defendants aware of his needs or his feeling of helplessness—did he ask any of the defendants for help? If the defendants *were* aware of his needs, did the defendants ignore him altogether? Or did they hear his requests but fail to respond? Or did they respond, but their responses were inadequate for what the plaintiff needed? Nor does the plaintiff explain how he was injured by the defendants' alleged failure to render aid. Did he harm himself? Did he have to go to a doctor or to the hospital? The complaint does not provide enough information to answer these questions.

Even if the plaintiff had provided sufficient factual allegations, he asserts that the defendants were *negligent* regarding his need for aid. But negligence does not violate federal law. See Farmer v. Brennan, 511 U.S. 825, 834 (1994);

5

Burton v. Downey, 805 F.3d 776, 785 (7th Cir. 2015). The plaintiff says the defendants also violated state law. But he does not say which state laws the defendants violated, nor does he describe the action (or inaction) that he believes violated state law. The plaintiff could assert negligence under state law, but a violation of state law, by itself, does not infringe a constitutional right and does not state a federal claim under §1983. See Swarthout v. Cooke, 562 U.S. 216, 221–22 (2011); Courtney v. Butler, 66 F.4th 1043, 1052–53 (7th Cir. 2023).

The plaintiff also seeks to proceed on a claim against the DOC. But the plaintiff cannot sue the DOC because it is not a "person" who may be subject to suit under §1983. See Myers v. Ind. Dep't of Corr., 655 F. App'x 500, 503 (7th Cir. 2016) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989)). The court could construe the claim against the DOC as if the plaintiff had sued the State of Wisconsin. See Will, 491 U.S. at 71. But the plaintiff cannot recover damages from the State under §1983, and money damages is the only relief he seeks. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003).

The court will dismiss the complaint because it fails to state a claim and cannot proceed as alleged. But the plaintiff might be able to state a claim if he files an amended complaint that contains additional factual details. The court will give him an opportunity to amend his complaint to correct the deficiencies the court has described and to better explain what he believes the defendants did that violated his rights. When writing his amended complaint,

6

Case 2:24-cv-01478-PP    Filed 05/13/25    Page 6 of 10    Document 11

the plaintiff should provide the court with enough facts to answer the following questions: 1) Who (what specific person) violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form to prepare his amended complaint. He must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **June 13, 2025**. If the court receives an amended complaint by day's end on June 13, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by day's end on June 13, 2025, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$247.07** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 13th day of May, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**