UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMAN BAKER,

                Plaintiff,

v.                                             Case No. 24-cv-1478-pp

CHARLES ETSINGER, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO APPOINT COUNSEL (DKT. NO. 31)**

      Plaintiff Rayman Baker, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the amended complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against Sergeant Etsinger and Officer Otten for their allegedly unnecessary delay in addressing the plaintiff's medical concerns, and an Eighth Amendment claim against HSU Manager Pelky for prescribing ineffective medication despite the plaintiff's continued pain.[1] Dkt. No. 16 at 14-15. On January 28, 2026, the plaintiff filed a motion to appoint counsel. Dkt. No. 31. This order addresses that motion.

      In support of his motion, the plaintiff states that he cannot afford a lawyer, and his imprisonment greatly impedes his ability to litigate. Dkt. No. 31

---

[1] The court also allowed the plaintiff to proceed on an Eighth Amendment claim against John/Jane Doe transporting officers who allegedly forced the plaintiff to wear a prison uniform to the hospital and caused him unnecessary pain. Dkt. No. 16 at 14-15. However, on January 21, 2026, the court dismissed the Doe defendants because the plaintiff did not identify them or explain why he could not do so by the deadline the court had set. Dkt. No. 30. The plaintiff may no longer proceed on that claim.

at 1. He asserts that the case involves complex issues involving medical care claims and that he has limited access to the law library. Id. The plaintiff also states that a trial will likely involve conflicting testimony and that counsel would better enable the plaintiff to present evidence and cross-examine witnesses. Id. at 2. Lastly, the plaintiff states that he made repeated attempts to find a lawyer and he attaches to his motion nine letters he wrote to lawyers and the one response he received. Id.; Dkt. No. 31-2.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be

determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first requirement for appointment of counsel. However, the plaintiff's filings show that at this time he is capable of engaging in discovery and responding to a motion for summary judgment. The plaintiff filed a detailed amended complaint setting forth his allegations. His

3

pleading is organized and demonstrates that he is very familiar with the events that gave rise to his claims and is very competent in presenting his issues to the court. Although the plaintiff's claims involve medical issues, they are not very complex. The plaintiff can describe his pain and the defendants' alleged responses to his concerns. If he needs more time to conduct discovery, he may file a motion for extension of time with the court before the deadline expires. If the defendants file a motion for summary judgment on the merits, the court will provide the parties with information about responding to the motion. If the case proceeds beyond the summary judgment stage, the court will most likely recruit a lawyer for the plaintiff. But at this stage, he is competent to proceed on his own.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request for counsel. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 5th day of February, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**